## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JO D WEIKERT,

    Plaintiff,

v.                                                        Case No. 20-     -NO
                                                                   Hon.

DELTA AIR LINES, INC.,

    Defendant.
_____/

DAVID E. CHRISTENSEN (P45374)
SARAH S. STEMPKY KIME (P74167)
CHRISTENSEN LAW
Attorneys for Plaintiff
25925 Telegraph Road, Suite 200
Southfield, MI 48033
(248) 213-4900/Fax (248) 213-4901
dchristensen@davidchristensenlaw.com
skime@davidchristensenlaw.com
_____/

    There is no other civil action between these parties arising out of the same transaction or occurrence alleged in this Complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

        /s/DAVID E. CHRISTENSEN
        DAVID E. CHRISTENSEN

## **COMPLAINT**

    NOW COMES the Plaintiff, JO D WEIKERT, by and through her attorneys, CHRISTENSEN LAW, and for her complaint against the above-named Defendant states unto this Honorable Court as follows:

20-005205-NO FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   4/10/2020 2:11 PM   Rementa Canyon

## JURISDICTION AND VENUE

1. Plaintiff, Jo D Weikert, is a resident of Evansville, Indiana.

2. Defendant, Delta Air Lines, Inc., ("Delta") is a Delaware corporation with primary offices in Atlanta, Georgia, and is licensed to do business as a common carrier in Michigan, and has major business presence in the form of an airline a hub at Detroit Metro Airport in the city of Romulus, County of Wayne, State of Michigan.

3. The negligent actions alleged against Defendant that gives rise to this cause of action occurred at Metro Airport in Wayne County, Michigan.

4. The amount in controversy exceeds $25,000.00.

5. Jurisdiction and venue properly lay with this Court.

## COUNT I: NEGLIGENCE

6. On or about May 9, 2017, Plaintiff, Jo D Weikert, was properly ticketed passenger and customer of Defendant, Delta, who was attempting to board a domestic flight operated by Defendant at Metro Airport.

7. Defendant, Delta, leased, owned, and controlled the airport gate, the jetway, and the aircraft where the Plaintiff was injured.

8. Defendant, Delta, employed the individuals that positioned the jetway involved in this incident in the course and scope of their employment with Defendant.

9. Defendant's employee had positioned the jetway in a fashion that left an unreasonably large gap between the jetway and the threshold of the aircraft's doorway, creating an unreasonably dangerous hazardous condition whereby a passenger's foot could slip through the opening and easily become injured.

10. On or about May 9, 2017, Plaintiff was a ticketed Delta passenger who was at Detroit Metro Airport to change planes in the midst of a trip she purchased on Defendant, Delta Airlines.

11. Plaintiff suffered from physical disability that severely limited her ability to walk independently.

12. When purchasing her ticket from Defendant, Plaintiff notified Defendant that she required a wheelchair for transit in the airport terminal, and Defendant Delta agreed and assumed the responsibility of providing her with wheelchair service for her safe and timely transit between the flights.

13. The wheelchair provided, pursuant to her request for a wheelchair from Defendant, was incompatible with the dimensions of the aircraft Defendant provided for Plaintiff to complete her trip, and she was required to be taken out of her wheelchair at the doorway of the aircraft by Delta flight a attendant(s) and given full assistance from the doorway to her seat.

14. A uniformed flight attendant employed by Defendant pulled Plaintiff up from her chair as she sat on the jetway at the threshold of the aircraft's doorway.

15. As the Delta employee pulled Plaintiff up to a standing position, her foot immediately slipped through the gap and became stuck and between the jetway and the airplane. The flight attendant continued to pull her into the doorway by her arms, causing her to fall to the deck resulting in serious injuries.

16. Defendant Delta Airlines is a common carrier that has a high duty to provide for the safety of its passengers, such as Plaintiff, and alternatively owes a duty of ordinary care for the safety of its passengers and the Plaintiff.

17. Defendant Delta was on notice of Plaintiff's disability before the date of her travel and Plaintiff accepted Defendant's offer of wheelchair service and assistance to help her navigate the required change of planes at Detroit Metro Airport.

18. Defendant Delta was on notice of the large gap between the jetway and the aircraft's doorway, and, in fact, the gap was created by an employee or agent of Defendant Delta through the positioning of the jetway.

19. Defendant, Delta, breached its duty of care for the Plaintiff and its passengers, and is guilty of gross negligence, willful and wanton conduct, and ordinary negligence.

20. Defendant breached its duties and obligations to its passengers and to Plaintiff by:

   a. Positioning the jetway unreasonably far from the aircraft doorway threshold, leaving an unreasonably large gap for passengers to safely navigate over;

   b. Representing that conditions were safe for boarding the aircraft when there was a dangerously large gap between the jetway and the aircraft posing a serious hazard for Defendant's passengers and Plaintiff.

   c. Failing to warn the passengers and the Plaintiff of the hazardous gap Delta had created by the poor positioning of the jetway;

   d. Failing to provide for appropriate wheelchair transport that was compatible with the aircraft Defendant was providing for Plaintiff's trip such that she could have remained in her wheelchair to be taken to her seat;

   e. Defendant's flight attendant negligently pulled Plaintiff up in toward the aircraft while Plaintiff was positioned at the edge of the unusually large gap between the jetway and the aircraft's doorway in such a fashion that

       Plaintiff's foot slipped completely through the gap, became stuck, and caused her body to fall to the deck;

  f. Defendant breached its common law duties of due care, numerous industry standards and internal policies and procedures in its negligent positioning of the jetway, in providing an inappropriate wheelchair, and in the dangerous technique of assisting Plaintiff from her chair and to her seat such that she was seriously injured.

21. Defendant's negligence outlined herein directly and proximately caused Plaintiff to suffer a fractured hip and other serious injuries to her legs, hips, and body, requiring a surgical repairs and extensive medical care and great pain and suffering, both in the past and that will continue into the future.

22. Defendant's negligence outlined herein directly and proximately caused Plaintiff to suffer economic losses including medical expenses, medical transportation, attendant care and household services.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant, Delta, for whatever amount the Court finds to be fair compensation for her harms and losses, plus all recoverable costs, fees and interest.

## COUNT II: NEGLIGENT TRAINING AND SUPERVISION

23. Defendant Delta owed a duty of care to reasonably train and supervise its employees to safeguard the public, its passengers, and the Plaintiff.

24. Defendant Delta breached those duties of reasonably training and supervision which led to: an employee positioning the jetway so there was a large and hazardous gap large

enough for Plaintiff's foot to completely fall through; Defendant's flight attendant carelessly pulling Plaintiff up and toward the plane causing her foot to fall through the gap and causing her to fall to the floor.

25. If Defendant had properly trained and supervised the agent positioning the jetway and the flight attendant that caused this accident, Plaintiff more likely than not would have been injured.

26. As a direct and proximate result of Defendant's negligent training and supervision, Plaintiff suffered the grievous injuries outlined herein and the resulting economic and non-economic damages.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant, Delta, for whatever amount the Court finds to be fair compensation for her harms and losses, plus all recoverable costs, fees and interest.

CHRISTENSEN LAW

BY: /s/DAVID E. CHRISTENSEN
DAVID E. CHRISTENSEN (P45374)
SARAH S. STEMPKY KIME (P74167)
Attorneys for Plaintiff
25925 Telegraph Road, Suite 200
Southfield, MI 48033
(248) 213-4900/Fax (248) 213-4901
dchristensen@davidchristensenlaw.com

Dated: April 10, 2020

20-005205-NO FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 4/10/2020 2:11 PM Rementa Canyon

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JO D WEIKERT,

        Plaintiff,

v.                                                    Case No. 20-        -NO
                                                        Hon.

DELTA AIR LINES, INC.,

        Defendant.
_____/

DAVID E. CHRISTENSEN (P45374)
SARAH S. STEMPKY KIME (P74167)
CHRISTENSEN LAW
Attorneys for Plaintiff
25925 Telegraph Road, Suite 200
Southfield, MI 48033
(248) 213-4900/Fax (248) 213-4901
dchristensen@davidchristensenlaw.com
skime@davidchristensenlaw.com
_____/

## JURY DEMAND

**NOW COMES** the above-named Plaintiff, JO D WEIKERT, by and through her attorneys,

CHRISTENSEN LAW, and hereby demands a Trial by Jury in the above-captioned matter.

                                      CHRISTENSEN LAW


                                BY:   /s/DAVID E. CHRISTENSEN
                                            DAVID E. CHRISTENSEN (P45374)
                                            SARAH S. STEMPKY KIME (P74167)
                                            Attorneys for Plaintiff
                                            25925 Telegraph Road, Suite 200
                                            Southfield, MI 48033
                                            (248) 213-4900/Fax (248) 213-4901
                                            dchristensen@davidchristensenlaw.com

Dated: April 10, 2020